**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:20-72-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **VINCENT TODD HOWARD,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

Defendant Vincent Todd Howard has filed a motion (R. 142) for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. The amendment alters the application of the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence (Part A of Amendment 821), or (b) presented zero criminal history points at the time of sentencing (Part B, Subpart 1). In addition, the United States Sentencing Commission voted to give retroactive effect to these two changes.

Specifically, regarding "status points" under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends Section 4A1.1 to (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

This case commenced in July 2019 when officers were dispatched to investigate an overdose death. (PSR ¶ 7.) After searching through the deceased victim's cellphone, officers began conducting surveillance on Howard. (*Id.*) Later, on multiple occasions, he distributed fentanyl to a cooperating witness. (*Id.* ¶ 8.) Officers then conducted a search of Howard's residence and discovered large sums of cash, bags of heroine/fentanyl mixtures, cocaine, and a firearm. (*Id.* ¶ 9.)

Howard was charged with one count of distributing fentanyl resulting in an overdose death. He was also charged with three counts of distributing fentanyl, one count of possessing fentanyl with the intent to distribute it, one count of being a felon in possession of a firearm, and one count of possessing a stolen firearm. He and the government entered into a binding plea agreement pursuant to which the government dropped the count of distributing fentanyl resulting in an overdose death. Howard would have faced a mandatory life sentence if convicted of that charge due to his prior felony drug conviction. In return for the U.S. dropping the overdose charge, Howard pleaded guilty to the other six charges. The binding plea agreement called for a prison term of 180 months.

Pursuant to the agreement, by judgment dated October 12, 2023, the Court sentenced Howard to 180 months. Because Howard was sentenced before Amendment 821 became effective and because he committed the offenses while under another criminal justice sentence, he was assessed two additional criminal history "status" points at sentencing. The government concedes that, under Amendment 821, Howard would receive no points for status. With the status points, he was placed in a criminal history category of III, which meant his Guidelines called for a sentence of between 57 and 71 months. Without the status points, he would have been placed in a criminal history category of II, meaning his applicable Guidelines would have been 51 to 63 months.

2

A defendant is eligible for a sentence reduction if he was sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "In most cases, a defendant's sentence will be 'based on' his Guidelines range. In federal sentencing the Guidelines are a district court's starting point, so when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Hughes v. United States*, 584 U.S. 675, 688 (2018).

A sentence imposed pursuant to a binding plea agreement "is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence." *Id.* at 686. "The Sentencing Guidelines prohibit district courts from accepting [binding plea] agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range. USSG § 6B1.2(c). So in the usual case the court's acceptance of a [binding plea] agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id*.

Moreover, here, the government concedes that Howard is "eligible" for a sentence reduction. Before granting a sentence reduction, however, the Court still must consider "the factors set forth in section 3553(a) to the extent that they are applicable" and the Commission's "applicable policy statements." *Id*. at 689. (quoting § 3582(c)(2)). Further, this Court "can consider the benefits the defendant gained by entering a [binding plea] agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction),

3

'for the statute permits but does not require the court to reduce a sentence.'" *Id*. (citation omitted).

Howard was convicted of serious and dangerous offenses involving the illegal possession of a firearm and the distribution of a controlled substance that is known to be deadly. This is a significant threat to public safety. Further, he engaged in this conduct while on supervised release. Moreover, Howard obtained a substantial benefit from entering into the binding plea agreement: the elimination of the prospect of a mandatory lifetime sentence. The fact that the 180-month sentence was significantly above the applicable Guidelines range of 57-71 months makes clear that Howard agreed to it in large part because the government agreed to drop the overdose charge, taking the mandatory lifetime sentence off the table. Nothing in Amendment 821 altered the mandatory sentence for the overdose charge. The Court cannot find that a reduced sentence is appropriate here.

Accordingly, the Court hereby ORDERS that Defendant Vincent Todd Howard's motion (R. 142) for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines is DENIED.

This 18th day of May, 2026.

Signed By:

*Karen K. Caldwell*

United States District Judge